79   707
s93  789
s105 737

RICHARDS V. THE OSCEOLA BANK *et al.*

1. **Appeal:** FROM JUDGMENT ON INTERVENTION: WAIVER. In an action on a bond there was judgment against defendants, from which they did not appeal, but the issues arising upon a petition of intervention were in the express language of the judgment reserved for subsequent proceedings. *Held* that, though these issues might have been determined in the main case, yet, since they were so expressly reserved, defendants did not waive their right to appeal from the judgment on such issues by failing to appeal from the judgment in the main case.

2. **Banks and Banking:** BOND TO SECURE DEPOSIT OF COUNTY FUNDS: SURETIES: COLLATERALS: RIGHTS OF VICE-PRESIDENT AND COUNTY TREASURER. The defendant bank received of the plaintiff, county treasurer, the funds of the county on deposit, and the bank executed its bond to secure the same, under section 912 of the Code, with C., the vice-president of the bank, and another, as sureties. C. was authorized to pay debts of the bank and to give security for the same, and it was he who executed and gave, in the name of the bank, the bond above named. *Held—*

   (1) That C. was authorized to turn over to plaintiff, as treasurer, notes belonging to the bank, as collateral security for the deposit secured by the bond.

   (2) That the treasurer was authorized to receive and hold such collateral in addition to the bond.

   (3) That the sureties on the bond had a right to demand that these collaterals should be exhausted for the payment of the deposit before their property should be taken on execution therefor.

3. ———: RECEIVERS: RIGHTS OF DEPOSITORS: SURETIES: LIENS. Where a bank owning real estate has passed into the hands of a receiver, and a county treasurer who has deposited county funds in the bank, and has taken a bond with sureties to secure the deposit (Code, sec. 912), afterwards procures judgment against the bank for the deposit, such judgment is not a lien upon the real estate of the bank, so as to entitle the sureties on the bond to have such real estate exhausted in payment of the judgment before they are made liable on execution; but such real estate is assets in the hands of the receiver for the benefit of all depositors ratably. (See Code, sec. 1572.)

*Appeal from Clarke District Court.*—HON. J. W. HARVEY, Judge.

FILED, MAY 8, 1890.

ACTION upon a bond given pursuant to Code, section 912, by the Osceola Bank, with C. W. and G. H. Cowles, sureties, to secure deposits in the bank made by the plaintiff as county treasurer. Findley, as receiver of the bank, intervened in the action. Judgment was rendered for plaintiff on the bond, and for the intervenor in the intervention proceedings. The defendants Cowles and Cowles and the plaintiff appeal.

*McDill & Sullivan* and *M. L. Temple,* for appellants Cowles and Cowles.

*W. M. Wilson,* for appellant Richards.

*John Chaney,* for appellee Findley.

BECK, J.—I. The petition shows that the Osceola Bank, under Code, section 912, was selected by the supervisors of the county as a depository for county moneys, and executed a bond, as required by the statute, with Cowles and Cowles as sureties; that there is due from the bank on plaintiff's deposit account $4,839.65, which it has failed to pay; and that in proceedings instituted upon the relation of the attorney general a receiver was appointed, who holds all the assets of the bank. The bank made default, but the defendants Cowles and Cowles answered, admitting the execution of the bond, and, in effect, all the allegations of the petition. They allege that the fact of their relation to the case as sureties was well known to plaintiff from the beginning, and as such they are entitled to have all the property of the principal, the bank, which is solvent, first exhausted. They further allege that, before the proceedings were instituted resulting in the appointment of the receiver, the bank gave plaintiff further security, consisting of certain notes, stocks and other securities, amounting to more than nine thousand dollars, a part of which plaintiff

had collected, to the benefit of which they are entitled
by the application of the avails of these securities upon
the bond. The receiver filed his petition of interven-
tion, alleging that he is entitled to the possession of
the notes and securities given to plaintiff; that the
transfer thereof was illegal and void, and plaintiff
acquired thereby no interest therein; and he prays
that the plaintiff be ordered to transfer the securities
to him. The bank made default, and judgment thereon
was entered; and judgment was also rendered against
Cowles and Cowles upon the admissions made in their
answer. The judgment contained an order in the fol-
lowing language: "This cause is continued as to the
collateral notes mentioned, the answer of defendants
and the petition of intervention of B. F. Nex, receiver."
The court in the same judgment made this further
order: "The plaintiff is ordered to turn over the col-
laterals to the clerk of this court for collection; and he,
the clerk aforesaid, is hereby ordered to collect the
same, to-wit [describing each note by name of maker,
date, amount, interest and date of maturity; the total
amount of notes being $9,551], and to hold the proceeds
thereof subject to the orders of this court hereafter to
be made." The defendants, in their answer, allege
that the notes were transferred by the bank prior to
the appointment of the receiver, and were not the prop-
erty of the receiver when he took possession of the
bank assets; that the referee held the notes until they
were turned over to the clerk, and that officer has, since
they have been in his hands, collected two thousand
dollars thereon. It is further averred that an execu-
tion has been issued upon the judgment and levied
upon lands of one of the defendants. Defendants ask
that the proceeds of the notes be applied on the judg-
ment, and that no execution thereon be enforced until
the notes be collected and applied on the judgment.
The original receiver resigned, and Findley was
appointed in his place. The plaintiff answered the
petition of the intervenor, alleging, among other things,

that the notes were indorsed to plaintiff by the bank, and turned over in good faith. Other allegations of the answer need not be recited. By agreement the case was transferred to the equity docket, and tried as a chancery case. C. W. Cowles filed a separate answer and cross-bill alleging, after stating matters set up in the prior pleadings of the defendants, that the bank holds the title of certain real estate, and that the judgment in this case is a lien thereon, and praying that, until the judgment be enforced against such real estate, and the notes held by the clerk be collected and applied on the judgment, it be not enforced against him.

The notes were delivered to the county treasurer as security for deposits made by the county in the bank by G. H. Cowles, the vice-president, who appears to have transacted the business of the bank. He executed the bond sued upon in the name of the bank, by himself, as vice-president. The notes were given as security to plaintiff upon his request and the request of the county attorney. The court, upon the issues between the intervenor Findley, the receiver, and the plaintiff and defendants, found that the bond in suit is "ample security to the county, and that the county treasurer had no right, authority or power to take the promissory notes turned over as additional security," and there was no consideration therefor, and the transfer was, therefore, illegal and void. The court further held that the judgment upon the bond is not a lien upon the real estate owned by the bank, for the reason that it was then in the hands of the receiver, and that defendants had no equities or right which require property of the bank to be exhausted before the judgment can be enforced against defendants' property.

II. It is first insisted by the intervenor and plaintiff that, as defendants did not appeal from the judgment upon the bond, and their appeal is from the judgment upon the proceedings of intervention, they cannot in this appea insist that the orders and judgment in the proceedings

1. APPEAL: from judgment on intervention: waiver.

Richards v. The Osceola Bank.

of intervention are erroneous; for the reason that they could have raised the same issues and had them determined upon the trial in the main case. Let it be assumed that this could have been done. Yet the record of the judgment shows that the issues raised in the intervention proceeding were, in express language, reserved for decision in subsequent proceedings, and the cause was continued for the purpose of trying and determining these issues. The correctness of the judgment in that regard is brought in question by some of the parties.

III. The points made by the intervenor

2. BANKS and banking: bond to secure deposit of county funds: sureties: collaterals: rights of vice-president and county treasurer.

in support of his claim to the notes in question, and his objections to the relief prayed for by defendants, are presented in the argument of his counsel in three points, which we shall proceed to consider. The first is in this language :

IV.  "1. The defendant George H. Cowles had no right or authority, under the circumstances, to turn over the notes in question to the treasurer (plaintiff herein) as collateral security to secure the county for said deposits, and that his act in so doing was illegal and void, and did not bind the bank, and which the bank or the receiver had the right to repudiate, and recover back the notes." This position by counsel is disposed of, briefly, by these considerations : George H. Cowles was the vice-president of the bank, and authorized to do business for it. It cannot be denied that he was authorized to execute the bond, and it is not claimed that his authority to do business for the bank was in any manner or degree restricted. He was authorized to pay debts of the bank, and to give security for the payment of the bank debts, when such security is authorized by law ; for he did execute and give, in the name of the bank, the bond in suit, and it is not shown that he was thereto empowered by the bank, by any act, consent, or any authority, in any form, expressed or implied. If he had authority to give the

bond as security he surely was authorized to give the collaterals, if the treasurer had the right to receive them. This brings us to the consideration of the second point made by intervenor's counsel.

V. The second point is as follows: "2. The county treasurer (plaintiff) had no legal right to accept the same as security for the funds deposited in said bank, either as a protection to himself and bondsmen, or as additional security to the county." It is quite as readily disposed of as the first. It cannot be doubted that, in the absence of any statutory prohibition, the county treasurer was authorized to demand and recover from the bank the money due the county. Surely, if he had such authority, he could accept security from the bank for its indebtedness. It would be strange, indeed, if any law existed prohibiting the county treasurer, the financial officer of the county charged with the duty of collecting the debt owed by the bank, from accepting security where, in his judgment, it is demanded. It would be an absurd rule forbidding the county treasurer, in the discharge of his duty, to do an act for the protection of the county when his judgment, as a faithful officer, directed it. The statute (Code, sec. 912) providing for security by bond to be given by a bank before deposits of county money are made therein does not forbid the county treasurer to take other security if, in his judgment, it is demanded. Other creditors of the bank cannot complain, for the notes were taken in the exercise of the undoubted right of a creditor, in the exercise of diligence, to secure his claim by taking collateral security of this character.

VI. The last position of counsel is expressed in this language: "3. In case it should be held by this court that the plaintiff, for the benefit of the county, had the right to hold said notes as additional security for the judgment in question, then we contend that they can only be held for the payment of any balance, if any, remaining after exhausting all property belonging to defendants George H. and C. W. Cowles subject to execution." The consideration of this point requires us

Richards v. The Osceola Bank.

to keep distinctly in mind the character of the transaction. Defendants are the sureties of the bank. The notes were given as further security. It must be remembered that these notes are the property of the bank. The case, then, is this: Property of the bank is given by the bank, as security, in addition to the bond of defendants. Now, defendants, as sureties, must be protected, and not held liable to execution, as long as the debt may be realized from the principal, or, rather, the property of the principal must be first exhausted before the claim may be enforced against the surety. Of course, this rule is to be so enforced that unreasonable delay and expense shall not be imposed upon the creditors. Surely, we will not be expected to cite authorities to support these familiar doctrines. Under these rules the notes given to plaintiffs as collateral security, and now held by the clerk of the court, must be used in the payment of the judgment against defendants.

VII. Defendants, as to other assets of the bank, have no priority over the other creditors. They hold no lien or equity which requires the appropriation of the proceeds of other assets to the payment of the debt for which they are sureties. The assets of the bank went into the hands of the receiver before the action on the bond had been commenced. The assets of the bank were subject to the jurisdiction of the court, and in its custody, before this action was brought. Of course the lien and equities arising before this jurisdiction was acquired were not prejudiced or affected thereby. The notes before pledged to the treasurer, therefore, remained subject to the pledge. But the action on the bond created no lien which defeated the distribution of the assets of the bank as provided by law. If it did, thus would the law be subject to be defeated at the option of creditors. The statute providing for the appointment of a receiver and winding up banks, under which the receiver was appointed in this case, requires that the assets should be "ratably distributed among

3. ——: receivers: rights of depositors: sureties: liens.

the creditors, * * * giving preference in payment to depositors." Code, sec. 1572. Now if, after the court, in the receiver proceedings, obtains jurisdiction of the assets of the bank, a creditor may commence an action and obtain a judgment which would be a lien, and interfere with the ratable distribution of the assets to all the creditors, it is plain that the statute would be defeated at the option of the creditor. This cannot be permitted. The judgment obtained by the plaintiff against the bank cannot be enforced against the real estate of the bank so as to protect defendants and defeat the application of the avails thereof to the payment of all deposits ratably.

We reach the conclusion that the notes given to the county treasurer as security for the county deposits must be first applied upon the judgment against defendants George H. and C. W. Cowles. Any balance remaining after the payment of the judgment shall be applied to pay the depositors ratably. The proceeds of the real estate belonging to the bank shall not be subject to the lien of plaintiff's judgment, so as to defeat the application of the proceeds to the depositors ratably, but they shall be so applied. The decree of the district court shall be reversed and remanded for a decree in harmony with this opinion, or, at defendants' option, such a decree may be entered in this court. The intervenor (Findley, the receiver) shall pay the costs of this appeal.                    REVERSED.