STATE, EX REL. WILLIAM D. BROWN, v. GEORGE M. CLINE.

Argued June 9, 1898—Decided November 7, 1898.

1. Under the decision in *Oler* v. *Ridgeway*, 26 *Vroom* 10, that the act of March 10th, 1892 (*Gen. Stat.*, p. 3096), is constitutional, the supplement to that act, passed March 29th, 1897 (*Pamph. L.*, p. 120), is also constitutional.

2. According to that supplement, a secretary to the commission of public instruction, appointed for a term previously fixed by the commission, cannot be removed by the commission at will before his term ends.

---

*Quo warranto.* On demurrer to information.

Before Justices DIXON, LUDLOW and COLLINS.

For the relator, *Charles V. D. Joline.*

For the defendant, *Edwin J. C. Bleakly.*

The opinion of the court was delivered by

DIXON, J.   This information charges the defendant with usurping the office of secretary to the commissioners of public instruction in the city of Camden.   It sets out that the commissioners were organized under the act of March 10th, 1892 (*Gen. Stat., p.* 3096); that under the supplement of March 29th, 1897 (*Pamph. L., p.* 120), the commission, on April 19th, 1897, fixed the term of secretary to the board at three years, and forthwith elected the relator to that office; that the relator at once entered into the office and continued to hold it until May 2d, 1898, when the commission passed a resolution to make the term one year, and, without any complaint against the relator, elected the defendant to the office; whereupon the defendant, against the relator's protest and objection, seized the office and still retains the same.   On this information the defendant demurs.

To sustain his demurrer the defendant contends that the supplement of 1897 is special and therefore unconstitutional, and that, even if it be valid, the commission had the power of changing the secretary's term at will and of conferring upon the defendant a lawful claim to that office when they resolved to do so.

Neither proposition can be maintained in this court.

In *Oler* v. *Ridgeway,* 26 *Vroom* 10, this court decided that the act of March 10th, 1892, was general and valid.   So much being granted, it is impossible, reasonably, to condemn the supplement of 1897 as special.   This supplement extends its provisions to every board organized under the act of 1892, and although it relates to but one function of the board, yet in that respect it is like every distinct enactment of the original statute, and is as general as any of them.   Had it been incorporated in that statute when passed, it could neither have been singled out from its associates as special nor have impaired the generality of the whole act.

That the commission was not empowered to shorten at will the term of a secretary who had been appointed for a term previously fixed by the board, is, we think, made clear by the second section of the supplement, which enacts that the secretary so appointed shall hold office for the said term, subject to removal by the commissioners *on complaint for cause stated.* The legislature would not have expressly subjected the officer to this narrow power of removal on complaint for cause if it had been intended to leave him subject to the broad power of removal at will.

The state is entitled to judgment on the demurrer.