## No. 10,139.

### McFERSON, BANK COMMISSIONER v. NATIONAL SURETY CO., ET AL.

Decided January 8, 1923.

Action by bank commissioner to recover collaterals deposited by an insolvent bank with a surety company. Judgment for defendant.

*Affirmed.*

1. BANKS AND BANKING—*Deposits—Bond.* A bank, in order to secure deposits, may give an indemnifying bond to secure the depositor against loss.

2. PLEDGOR AND PLEDGEE—*Possession of Collaterals.* When collaterals have been pledged as security, the pledgor has no right to their possession until the pledge has been fulfilled.

3. BANKS AND BANKING—*Bank Commissioner—Collaterals.* A bank commissioner who has taken over the affairs of an insolvent bank, cannot, in the absence of fraud, recover possession of collateral securities pledged by the bank, where the bank itself could not obtain them.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. Victor E. Keyes, attorney general, Mr. Frank Mc-
Laughlin, for plaintiff in error.

Mr. T. J. O'Donnell, for defendants in error.

*En banc.*

Mr. Justice Teller delivered the opinion of the court.

The plaintiff in error, who at the time of the beginning
of this action was in charge of the insolvent Louisville
Bank, which had theretofore absorbed the Lafayette Bank,
sought to recover from the defendant in error certain
securities received by the defendant in error under the fol-
lowing circumstances: Each of the above-named banks
had agreed with the county treasurer of Boulder county
that, in consideration of his depositing county moneys with
them, they would give him indemnifying bonds. In pursu-
ance of that agreement the defendant in error became
surety upon the bonds of the said banks, and received
from each bank collateral to indemnify it against loss. It
is the collateral thus deposited with the defendant in error,
which the bank commissioner seeks by suit to recover.

For the plaintiff in error it is claimed that the deposit
of this collateral was void as an attempt to prefer one cred-
itor over others, and hence it may be recovered. We see
no ground for this contention.

The right of the treasurer to deposit the money in the
banks is not involved, and that right is of course un-
doubted. There is no question that a bank, in order to
secure deposits, may give security for them. The giving
of the indemnifying bonds was within the authority of the
banks, and was a matter of ordinary business. The banks
owned the securities pledged to the surety company, and
had full right so to pledge them. It is further undoubted
that when collateral has been pledged as security the
pledgor has no right to such collateral until the purpose
of the pledge has been fulfilled. It is unnecessary to cite
authorities on these points.

There being no fraud charged, and no violation of law in the transaction having been shown, the rights of the bank commissioner are no greater than were the rights of the respective banks. If they could not recover the security, neither can he. The transaction appears to have been one in the ordinary course of business, proper in every respect, and the surety company having, as the record shows, paid the full amount of its liability under the bond, is entitled to retain the collateral to the extent necessary to repay it. There is no principle of law or equity under which the plaintiff is entitled to recover.

The various questions of pleading raised by the briefs need not be considered.

The judgment is affirmed.

MR. JUSTICE WHITFORD, MR. JUSTICE ALLEN and MR. JUSTICE CAMPBELL not participating.