L. A. ANDREW, State Superintendent of Banking, Appellant, v. ODEBOLT SAVINGS BANK et al., Appellees.

**BANKS AND BANKING: Officers—Right to Secure Deposits.** The officers of a savings bank which is a duly selected and acting depository of county funds under a statutory depository bond may, in addition to the security afforded by said previously executed bond, validly transfer to the county, and the county through its fiscal officers may validly accept, notes and mortgages of the bank as additional collateral security for said deposits.

Headnote 1:  7 C. J. p. 502.

Headnote 1:  45 L. R. A. (N. S.) 950; 3 R. C. L. 419.

*Appeal from Sac District Court.*—R. L. McCORD, Judge.

JULY 1, 1927.

Plaintiff appeals from a judgment overruling motion to dismiss in an action to set aside a transfer of promissory notes by a savings bank to the county treasurer, made as security for payment of a public deposit.—*Affirmed.*

*Ben J. Gibson* and *Malcolm Currie,* for appellant.

*A. B. Walter* and *W. A. Helsell,* for appellees.

PER CURIAM.—This is an action in equity, to set aside the transfer and assignment of two promissory notes for $5,000 each, together with a mortgage upon certain real estate in Sac County, to W. A. Cobb, county treasurer, by the Odebolt Savings Bank, as security for a deposit of the public funds of Sac County. The case was disposed of in the district court on a demurrer to the answer. Prior to the deposit by the county treasurer of public funds in the Odebolt Savings Bank, the board of supervisors of

Sac County passed an appropriate resolution authorizing such deposit, and requiring the execution of a bond in the sum of $20,000. A bond was executed on the 10th day of January, 1925, duly filed in the office of the county auditor, and approved by the proper officers. Prior to the 10th day of January, 1925, the date of the assignment and transfer of the notes and mortgage, the board of supervisors of Sac County and the county treasurer demanded additional security of the Odebolt Savings Bank. Instead of giving an additional bond, the bank assigned and transferred the notes and mortgage to the county treasurer, as already stated, who received the same and caused the same to be recorded in the office of the county recorder and duly filed in the office of the county auditor. The bank closed its doors January 12, 1925, and its affairs were immediately taken over by the superintendent of banking, as receiver. This action is prosecuted by the superintendent of banking, for the purpose of having the transfer and assignment of the funds and mortgage set aside, and for the recovery thereof for the use and benefit of the depositors of the bank.

The sole contention of appellant is that the officers of the Odebolt Savings Bank were without power or authority to assign or transfer any of the assets of the bank as additional security for public money deposited therewith.

Section 7404 of the Code of 1924, and succeeding sections, make it the duty of the county treasurer to deposit public funds in banks designated by himself and the board of supervisors, by appropriate resolution entered of record, upon the execution and filing of a bond in an amount to be fixed by the board, with sureties to be approved by them. An appropriate resolution was passed by the board of supervisors of Sac County, designating the Odebolt Savings Bank as a public depositary, and requiring it to execute a bond in the penal sum of $20,000, with sureties as required by law. A bond in the sum of $20,000 was executed by officers of the bank as sureties. No deposits were made by the county treasurer after the assignment and transfer of the note and mortgage in question. One of the propositions urged by appellant in this connection is that neither the county treasurer nor the board of supervisors possessed authority to receive or accept bills receivable of the bank as security for the deposit of public funds. The statute prescribes how public depositaries

may be selected, and the form and kind of security necessary to be given by such depositary. This method is exclusive, and must be followed. This, however, does not necessarily restrict the power of a bank which has already become indebted to the county for the deposit of public money, to secure the payment thereof in any other manner. The notes and mortgage could not be accepted by the county treasurer or the board of supervisors in lieu of a bond executed for the purpose of completing an arrangement between the county and a bank as a depositary of public funds; but, where a deposit has already been made, and the relation of creditor and debtor created, there would seem to be no legal reason why the county may not accept any form of security for the payment thereof that the debtor is able to give. The ultimate question, therefore, in the case is: Had the officers of the Odebolt Savings Bank power or authority to remove from its bills receivable the notes and mortgage and transfer them to the county as collateral security for the payment of the indebtedness of the bank thereto?

Section 9222 of the Code of 1924 authorizes state and savings banks to contract indebtedness or liability "for necessary expenses in managing and transacting their business, for deposits, and to pay depositors; provided that, in pursuance to an order of the board of directors previously adopted, other liabilities not in excess of amount equal to the capital stock may be incurred."

It is not claimed that the transfer and assignment were made upon the authority previously adopted of the board of directors of the bank. This section is both an authorization and a limitation upon the power of the bank. Under the express authority of this statute, state and savings banks may contract indebtedness or liability for deposits and to pay depositors. It would seem quite undebatable that the bank might, under the authority thus conferred, have sold or hypothecated bills receivable to others for the purpose of raising the necessary amount with which to pay the county deposits. If so, is there any logical reason why the bank may not legally transfer any portion of its assets in good faith to the county or any other depositor in payment of or as security for deposits of public funds? What was attempted in the present instance was, on the part of the county, to obtain security for the deposits of public funds

held by the bank, and by the bank, to give sufficient security therefor. The case falls squarely within our holding in *Richards v. Osceola Bank,* 79 Iowa 707. We think the court rightly sustained the transaction and held that the transfer and assignment of the notes and mortgage were valid and within the authority of the bank to make and of the county to accept. *Commercial Bank. & Tr. Co. v. Citizens Tr. & G. Co.,* 153 Ky. 566 (156 S. W. 160), is based upon a somewhat different statute, and presents the view of the Kentucky court of appeals, which, if in conflict with the holding of this court in the *Richards* case, cannot be followed.

The judgment is—*Affirmed.*