In the Matter of the Application of JOSEPH A. BRODERICK, Superintendent of Banks of the State of New York, for Instructions in Relation to Pledges of JAYNE & MASON, Private Bankers, for Deposits of Public Funds.

Supreme Court, Monroe County, June 10, 1931.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave*, for State Superintendent of Banks.

*Sutherland & Dwyer*, for board of education of union free school district No. 1 of the town of Webster, *amicus curiæ*.

*Peter G. & Jay A. Smith*, for Dayton T. Lawrence, superintendent of the town of Webster and board of trustees of school district No. 3 of the town of Webster, *amicus curiæ*.

RODENBECK, J. These cases involve pledges by a private bank to secure deposits of public moneys. They are distinguished at once from pledges to secure private deposits which, from the standpoint of public interest, occupy a little different position. The approval of pledges for public funds does not, necessarily, involve the approval of pledges for private funds. The two stand upon a different basis. The former partake more of the character of a pledge of State moneys. This view is exhibited in the general practice of securing deposits of public funds other than those of the State. This general practice should not be disturbed, unless it is clear that the doctrine of public policy should intervene. These deposits are not on the same plane as private deposits. There is solicitation among banks to secure these moneys, and security follows as a matter of course. The knowledge of this practice would not in any way interfere with the business of the bank. General depositors would not be affected by such knowledge. It is regarded as a distinction for a bank to be a depositary of public funds. These funds are just so much added to the assets of the bank for loaning and are to the advantage of general depositors. So far as there are legislative expressions, they indicate approval of this practice. There are provisions in the State Finance Law, Education Law and other statutes requiring or implying that public funds shall be protected by securities. (Education Law, § 254, subd. 4; State Finance Law, §§ 10, 11; Village Law, § 89, subd. 20; Charter of City of Rochester, 1930, § 214; Greater New York Charter, 1925, § 196; Charter of City of Buffalo, 1927, § 114.)

In the case of the deposit of the board of education of union free school district No. 1, there is a distinct implication in the statute that its funds should be secured. (Education Law, *supra*.) The views expressed are in accordance with *Smith* v. *Lansing* (22 N. Y. 520), where the president of a bank took title to real estate of the bank to secure himself and others on a bond to protect public moneys. This case has not been reversed or criticized and has been followed in the practice adopted by the banks. There are other cases supporting this view. (*Page Trust Co.* v. *Rose*, 192 N. C. 673; *Richmond County* v. *Trust Co.*, 195 id. 545; *Cameron* v. *Christy*, 286 Penn. St. 405; *Ahl* v. *Rhoads*, 84 id. 319; *McFerson* v. *National Surety Co.*, 72 Colo. 482; *Richards* v. *Osceola Bank*, 79 Iowa, 707; *Andrew* v. *Odebolt Savings Bank*, 203 id. 1335; *National Bank* v. *Ferguson*, 48 Kans. 732; *Grigsby* v. *People's Bank*, 158 Tenn. 182; *Ainsworth* v. *Kruger*, 80 Mont. 468; *Consolidated School District* v. *Citizens' Savings Bank*, 21 S. W. [2d] 781 [Mo.]; *Williams* v. *Hall*, 30 Ariz. 581; *Mothersead* v. *United States Fidelity & Guaranty Co.*, 22 F. [2d] 644 [8th C. C. A.]; Morse Banks & Banking [6th ed.], § 48. See 14 Halsbury's Laws of England, 247.)

There are no equitable principles that should intervene here. The Jayne & Mason bank was a private banking copartnership at the time these pledges were given, beyond the control and supervision of the Superintendent of Banks. It was not insolvent, nor in contemplation of insolvency. There is no claim of fraud or bad faith in connection with the security. The security should not be denied. There is no statute prohibiting it. A deposit is a good deal like a loan which is commonly secured. They both provide money for the use of the bank, but it is not necessary to discuss the general question of the right of a bank to secure private deposits. If the present practice of securing deposits of public moneys should be abused, equitable principles may be resorted to, according to the facts in particular cases, or, if these are not adequate, the Legislature may take action.

The pledges involved should be recognized by the State Superintendent of Banks as valid.

So ordered.