No. 18,655.

L. S. FLOWER, JR., ASSIGNEE, ETC. *v.* STREVELL-PATTERSON
FINANCE, INC.
(350 P. [2d] 199)

Decided March 14, 1960.

Mr. VICTOR F. CREPEAU, for plaintiff in error.

Messrs. HAYNIE, HOTCHKISS & GOLDEN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KNAUSS.

THE parties are here in the same order they appeared in the trial court and we will so refer to them.

By his complaint plaintiff alleged that he is the assignee for the benefit of creditors of Lucille K. Anderson, doing business as Lis and Anderson Plumbing and Heating Company (hereinafter referred to as Anderson); that defendant unlawfully holds the sum of $3,822.31, the property of Anderson, to which the plaintiff is entitled.

Defendant by answer alleged, inter alia, that said money is lawfully held by defendant as security pursuant to the terms of a contract between defendant and Anderson, which contract is attached to and incorporated in the answer.

Trial was to the court resulting in judgment for the defendant. Plaintiff seeks reversal by writ of error.

The facts are stipulated, and may be stated briefly as follows: On March 26, 1955, Anderson executed a contract with defendant providing that defendant would purchase notes and certain contracts from Anderson who in turn would guarantee payment of said notes and contracts. It further provides that, "you (defendant) shall at all times for all sums due you, have a lien upon any of our property or credits in your possession or otherwise, and the right to charge the sums due or to become due to you against the same."

On March 1, 1957, Anderson made a general assignment for the benefit of creditors to plaintiff. On that date defendant held notes and contracts pursuant to such contract, totaling $28,182.30 and had in its possession the sum of $3,819.01 being held by it as security

for the payment of notes and contracts so held. This sum of $3,819.01 was included in plaintiff's inventory of Anderson's assets in the matter of the assignment for the benefit of creditors and was designated as a "Finance reserve account."

On March 13, 1957, Notice to Creditors was forwarded to defendant by plaintiff and was received by defendant. Defendant did not file a claim as a creditor within three months after the date of said assignment.

The trial court, in entering judgment for defendant, found in part as follows:

"The plumbing company in connection with its business used the finance company to carry its unpaid contracts, and to insure prompt handling of the same and to secure capital with which to carry on its business, gave to the finance company defendant's Exhibit "A" which was in the way of an assignment of all its contracts and in addition and to secure the same, a lien upon any of assignor's property or credits in its possession or otherwise, and provided for the rights to charge the sums due or to become due against the same.

"The source of the said sum of $3,819.01 was not definitely stated in the pleadings, nor did it appear in the hearing before the court, but is supposed that the amount accumulated in the payments on contracts which were made and assigned to the finance company in excess of the sums due on the plumbing company borrowings.

\* \* \*

"The above amount of $3,819.01 was meant for and is collateral security for the payment of the balance due on customer's note assigned to defendant in the sum of $28,182.30. Therefore, when defendant is satisfied in full on those particular notes or accounts, the balance of the sum assigned as collateral would, of course, belong to the estate of the assignor. The court is therefore compelled to find the issues in favor of the defendants."

Plaintiff, by writ of error, seeks reversal of the judgment, contending that the trial court erred in finding

that said $3,819.01 was security for payment of the balance due on customers' notes assigned to defendant by Anderson. To support this contention defendant argues that said finding is contrary to the language of the contract between assignor and defendant; that the contract gives defendant a lien on assignor's property in defendant's possession only when assignor is indebted to defendant because of customer's default. That there is no evidence of sums presently due defendant from assignor, and that defendant, therefore, has no lien on assignor's property as found by the trial court.

As we read the contract, it does *not* provide that defendant shall have a lien upon Anderson's property in its possession *only* for sums due defendant "from assignor" by reason of default customers' payments. It is undisputed that the sum of $28,182.30 is, or will become, due defendant from Anderson's customers and that Anderson may become liable for part or all of this amount in the event the customers, or some of them, default in payment. Therefore, there is a sum due or to become due defendant, for which Anderson is contingently liable. The sentence referred to by plaintiff does not provide solely that defendant shall have a lien on such property of Anderson as is in defendant's possession "for all sums due," but also, "the right to charge the sums due *or to become due to you against the same.*" (Emphasis supplied.)

We think the trial court properly construed the agreement as providing security for the payment of any obligation which might arise as the result of default in customers' payments and for which Anderson stands as guarantor, and that the lien thereof extends to any property in defendant's possession, not only as security for the payment of customers' obligations then past due and owing, but for payment of those "to become due."

The case of *McFerson v. National Surety Company,* 72 Colo. 482, 212 Pac. 489 treats of collateral deposited with defendant surety company to indemnify said surety

for any loss which might arise out of the surety obligation. The bank thereafter became insolvent. The court recognized the validity of a pledge executed to secure a contingent liability, and the duty of the principal debtor to reimburse the surety, and concluded as follows:

"The banks owned the securities pledged to the surety company, and had full right so to pledge them. It is further undoubted that when collateral has been pledged as security the pledgor has no right to such collateral until the purpose of the pledge has been fulfilled. * * * "

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MOORE concur.