[The State v. Hill.]

# The State *v.* Hill.

*Action against State to recover damages for cattle killed on Railroad operated by State.*

1. *Section 2534 of the Revised Code; effect of.*—Section 2534 Revised Code was intended only to afford persons having claims against the State a mode of ascertaining whether the claim was well founded, and what was due thereon. It does not have the effect to create liabilities on the part of the State, or subject it to liabilities, which did not exist, or could not arise under laws already existing.

2. *State; what not liable for.*—The State, in the absence of express legislation authorizing it, can not be held answerable, in its courts, for the tortious acts or conduct of the officers or agents it employs in the administration of public affairs.

APPEAL from Etowah Circuit Court.
Tried before Hon. WM. L. WHITLOCK.

The appellee, Hill, brought this action against the State to recover damages for the killing of his horses by a train upon the Alabama & Chattanooga Railroad, while it was in the possession of the State and operated by its receiver. The court refused, at the instance of the State, to charge the jury that the plaintiff could not recover in this action, and this is now assigned for error.

MCSPADDEN & FORNEY, for appellant.—The State is not liable for the negligence, malfeasance, misfeasance, or torts of its agents or employees.—Story on Agency, § 319, 320; *United States v. Kirkpatrick*, 9 Wheat. 720; *Seymour v. Van Slyck*, 8 Wheat. 403.

AIKEN & WHORTON, *contra.*—The act which authorizes suits against the State is general and not limited to actions *ex-contractu;* but extends to torts as well. The State stands in the shoes of a private corporation and is responsible as such for the acts of its agents.

MANNING, J.—Section 2534 of the Revised Code was intended only to afford to persons who had claims against the State, a mode of ascertaining whether or not they were well founded—and if they were, what sum of money or other thing was due to them. It was not the purpose or effect of the enactment to create liability on the part of the State to its citizens, or to subject it to liability, which did not exist, or could not arise under laws already existing.

. "It is plain," says Justice Story, "that the government itself is not responsible for the misfeasances, or wrongs, or negligences, or omissions of duty of the subordinate officers or agents employed in the public service; for it does not undertake to guaranty to any persons, the fidelity of any of the officers or agents whom it employs; since that would involve it, in all its operations, in endless embarrassments and difficulties and losses, which would be subversive of the public interests; and, indeed, *laches* are never imputable to the government."—Story on Agency, § 319.

For yet another reason, this must be true. Although the individuals who have the administration of public affairs, may commit very gross outrages, it is not congruous with the ideas of order and duty, that the State, the august sovereign body whose servants they are, from which proceed all civil laws, and to which we owe unstinted respect and honor, should be held capable of doing wrongs, for which she should be made answerable as for tortious injuries, in her own courts to her own children or subjects.

A judgment was rendered in this cause against the State, at the suit of the appellee for animals of his, alleged to have been killed by the tortious acts of the agents of the State in operating the Alabama & Chattanooga Railroad Company.

The judgment was erroneous and must be reversed, and the cause remanded. And since all acts by which suits could be maintained against the State in any of its courts have been repealed, the action must be dismissed in the circuit court.