SIDNEY N. JOHNSON

*v.*

THE STATE OF ILLINOIS.

*Opinion filed December 23, 1899.*

1. RESPONDEAT SUPERIOR—*State not liable for wrongful acts of subordinate officers.* The State is not liable for the wrongful acts or negligent conduct of its subordinate officers or agents.

2. COMMISSION OF CLAIMS—*no new liability against State created by act.* The law creating the Commission does not create any new liabilities against the State but simply provides a method by which claims may be allowed or rejected.

3. PRACTICE—*evidence may be filed where demurrer is sustained.* Upon claim being rejected on demurrer claimant can file evidence in order that claim can be submitted to the legislature.

The claim in this case was filed in the Auditor's office on the 31st day of August, 1899, and is based upon a personal injury received on the 17th day of September, 1897, under circumstances averred to be as follows, to-wit: That on that day about four o'clock, P. M., the claimant was riding a bicycle south on Albany avenue in the city of Chicago towards the intersection of Jackson boulevard and Albany avenue; that on reaching said Jackson boulevard the claimant turned westward and continued to ride said bicycle westward on Jackson boulevard to a point about seventy five (75) feet west of said Albany avenue; that at that point one, Ceitlan, an employe and servant of the Board of Park Commissioners of the town of West Chicago was engaged in the line of his duty and occupied with a certain hose reel watering the grass on the north side of said boulevard and was commencing to wheel said hose reel across said boulevard standing about five and one-half (5½) feet south of the north curb of Jackson boulevard and in the way of passing vehicles and was occupied in wheeling said hose reel south across said Jackson boulevard; that two ladies also were riding bicycles at that time and shouted to the said Ceitlan warning him not to proceed until they had passed, whereupon said Ceitlan without

looking to see if there was any danger of any collision or accident in the rear of the place where he was standing and without paying any attention to the persons or other vehicles on said boulevard, except said bicycles ridden by said ladies, suddenly and without warning ran backward with said reel and directly in the path of said claimant and in such a manner as the claimant was suddenly and violently thrown from his bicycle on to the asphalt pavement and sustained many permanent and serious injuries, to-wit: being a fracture of the left leg and a fracture of his left knee cap; and, from thence hitherto has been and still is unable to follow his usual occupation and business and unable to walk without use of cane and then only with great difficulty.

Claimant avers he was riding said bicycle at a slow rate of speed and was at and before said accident using all due care for his own safety. Claimant avers that at time of said accident he was engaged in soliciting fire insurance from which occupation he derived large sums of money and profits and since said accident claimant has not been able to and has not earned any money whatsoever and has been obliged to pay out and expend large sums of money for physicians' services in endeavoring to be healed of his said injuries.

The damages claimed for the injuries aforesaid are laid at ten thousand ($10,000) dollars.

To the declaration aforesaid the Attorney General on the 12th day of September, 1899, filed a general demurrer and the case comes before us at this time for disposition on the demurrer.

The demurrer raises the question whether the State of Illinois is responsible to the claimant for the wrongful or negligent acts of its subordinate officers. This question has been so frequently decided and the authorities are so numerous that we deem it only necessary to cite them. The question was before this Commission in the case of Jacob Schmidt v. The State, decided at the August session, A. D. 1890; it was again before the Com-

mission and decided at the August session 189.. in the case of ........ v. The State, and also before the Commission for decision and decided at the August session, 1898, in the case of Lincoln H. Ross v. The State. In these cases the Commission held the rule to be well settled that a State could not be held liable for the wrongful or negligent conduct of its officers. The principle is so well established by authority as to admit of no doubt:

> Story on Agency, Sec. 319-322;
> *Hill* v. *Boston,* 122 Mass., 344;
> *Gibbons* v. *U. S.,* 8 Wall, 269;
> *U. S.* v. *Kirkpatrick,* 9 Wheaton, 720;
> *Lewis* v. *State of New York,* 96 New York, 71;
> *Sipple* v. *State,* 99 N. Y., 284;
> *Clodfelter* v. *The State,* 86 N. C., 51;
> *The State* v. *Hill,* 54 Ala., 67.

The law creating the Commission does not create a new liability against the State, it simply provides a method by which a claim may be allowed or rejected against the State on a hearing before the Commission. In caes of an award the same is paid by money appropriated for that purpose by an act of the General Assembly. There being no provision for an appeal from the decision of the Commission, the Commission feels that it is but just that parties coming before the Commission desiring to take evidence in support of their claim may do so, even though the Commission's decision may be adverse, as the matter can then be presented directly before the Legislature if parties deem they have a cause of sufficient merit. In this case therefore, while the Commission must sustain the demurrer and dismiss the claim on the ground of no liability against the State, the Commission will permit party to file evidence if they desire to do so during the present session.

The demurrer filed is sustained and the case dismissed.