CLARENCE G. BLISS, RECEIVER, APPELLANT, V. WILLIAM F. MASON ET AL., APPELLEES.

FILED JULY 2, 1931. No. 27803.

*W. H. Line, Lamont L. Stephens* and *C. M. Skiles*, for appellant.

*W. A. Prince* and *R. H. Mathew, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action for conversion of certain bonds. Defendants denied conversion. A trial to the court resulted in a judgment for defendants. Plaintiff has appealed.

The facts are not in dispute. Defendants signed, as sureties, a county depository bond for the Bank of Ashton, running to Sherman county. At the time this bond was executed it was agreed that the bank would indemnify the

sureties against loss by the deposit of bonds or other assets of the bank. Pursuant to this agreement, the bonds, alleged to have been converted, were pledged to protect defendants from loss by reason of their liability on the depository bond. Later the bank failed, and at the time the county had on deposit in the bank a considerable sum which the defendants caused to be repaid to the county. Thereafter the bonds in question were sold for their full value to reimburse defendants. From the sale defendants realized a sum slightly in excess of the amount paid to the county. The defendants offered to account for and pay over to the plaintiff such excess.

The vital question presented by the appeal is: May a state bank, duly designated as a depository of county. funds, make a valid pledge of any of its assets to indemnify against loss sureties on a county depository bond?

Plaintiff contends that the pledge of securities to defendants to indemnify them against loss was an act *ultra vires*, unlawful, and against public policy; that, unless given authority specifically or by necessary implication, a bank may not pledge its assets to secure a deposit of public funds; that, when authority is given by statute to pledge specified assets, it may only pledge such as the statute authorizes, and that the pledge of another kind of assets is unlawful; and further contends that there is no Nebraska statute permitting a state bank to pledge its assets to secure county deposits, or to indemnify sureties on a depository bond.

Plaintiff cites and relies upon a number of decisions, made by the courts of other states, all of which we have examined. Several of them are based upon the construction of a particular statute of the state in which the decision was made, and such statutes are different from those in Nebraska, and are, therefore, not in point. A few of these authorities, however, support plaintiff's contention. The great majority of the courts, and, we think, the great weight of authority, holds to a contrary view, name-

ly, that a state bank, designated as a depository, may, in the absence of a statute prohibiting it, pledge its assets to secure the deposit of public funds. Among the cases so holding are: *Williams v. Hall,* 30 Ariz. 581; *Williams v. Earhart,* 34 Ariz. 565; *McFerson v. National Surety Co.,* 72 Colo. 482; *First American Bank & Trust Co. v. Town of Palm Beach,* 96 Fla. 247; *Richards v. Osceola Bank,* 79 Ia. 707; *Andrew v. Odebolt Savings Bank,* 203 Ia. 1335; *United States Fidelity & Guaranty Co. v. Village of Bassfield,* 148 Miss. 109; *Consolidated School District v. Citizens Savings Bank,* 223 Mo. App. 940; *Ainsworth v. Kruger,* 80 Mont. 468; *Page Trust Co. v. Rose,* 192 N. Car. 673; *Richmond County v. Page Trust Co.,* 195 N. Car. 545; *City of Portland v. State Bank of Portland,* 107 Or. 267; *Cameron v. Christy,* 286 Pa. St. 405; *Wylie v. Commercial & Farmers Bank,* 63 S. Car. 406; *Grigsby v. People's Bank,* 158 Tenn. 182; *Pixton v. Perry,* 72 Utah, 129.

We cannot agree with the contention of the plaintiff that the public policy of Nebraska forbids the pledging by a state bank of sufficient of its assets to secure deposits of public funds. It has long been the policy of this state, announced by the legislature, that the deposit of public funds in banks should be protected by a surety bond, a personal bond, or by the deposit of certain specified assets of the bank. Among the assets so specified are United States bonds, state bonds, county, municipal and school district bonds.

While the securities pledged in the instant case were, in part, United States bonds, there were other bonds issued by a private corporation and by a foreign government. Plaintiff contends that, so far as the latter bonds are concerned, it was not a lawful act to pledge them as security for a deposit of county funds. The contention is not persuasive. The statute fixing the character of bonds that may be deposited includes the choicest assets of a banking institution. It is difficult to perceive why

a bank could lawfully pledge such assets and could not pledge those less desirable. The reason for the statutory specification of pledgeable assets was for the greater protection of the public fund, and not as a limitation upon the power of the bank.

It is contended, however, that, since a personal depository bond was given, there is no authority for pledging any of the assets of the bank to the sureties on such bond. If it is lawful to pledge such assets directly to the county, by what reason can it be said that it is unlawful to pledge such assets to the sureties who furnish a personal bond? No reason, in the absence of a statute prohibiting it, is apparent.

Moreover, section 77-2601, Comp. St. 1929, provides: "In all cases in which public moneys, or other funds belonging to the state or to any county, school district, city or municipality thereof, have been deposited or loaned to any person or persons, corporations, bank, copartnership or other firm or association of persons, it shall be lawful for the officer or officers making such deposit or loan, or his or their successors in office, to maintain an action or actions for the recovery of such moneys deposited or loaned, and all contracts for the security or payment of any such moneys or public funds made shall be held to be good and lawful contracts binding on all parties thereto." This statute would seem to clearly make valid the contract whereby the Bank of Ashton pledged certain of its assets to the defendants to induce them to become sureties on the depository bond.

Other propositions are argued, but we deem it unnecessary to consider them, since the ones already discussed are sufficient to dispose of the appeal in the instant case. We do not wish it to be understood, however, that this court is deciding that a state bank may pledge its assets for the securing of any deposit other than of public funds.

The judgment of the district court is right and is

AFFIRMED.