LIBERTY HIGH SCHOOL DISTRICT, APPELLEE, v. E. A. CURRIE: O. R. LOVELACE ET AL., APPELLANTS.

FILED DECEMBER 31, 1931. No. 27919.

Raymond & Fitzgerald, for appellants.

Mothersead & York, contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Good, J.

This is an action on a depository bond. Plaintiff was the obligee and defendants the sureties on the bond. Plaintiff had judgment, and defendants have appealed.

There is no conflict in the evidence. The following facts appear from the record: On the 5th day of July, 1929, the American Bank of Mitchell, Nebraska, executed and delivered to plaintiff a depository bond in the sum of $10,-000 to secure repayment of funds of the Liberty High School District that might be deposited in the bank. Funds were deposited in the bank by the district, and on the 4th of January following, the bank being insolvent, its doors were closed, and shortly thereafter a receiver was appointed. The sureties on the bond were officers and stockholders of the American Bank. These sureties sought to have the treasurer of the district prosecute a claim against the bank as preferred and payable out of the depositors' final settlement fund. The treasurer refused, but, instead, this action was instituted.

Questions of law only are involved. It is argued by defendants that the bond is invalid because the public policy of the state prohibits the deposit of school district funds in a bank. We have not been referred to any statute which expressly authorizes the deposit of funds of a school district in a depository bank; nor have we been able to find any express authority therefor.

In *State v. Keim,* 8 Neb. 63, it was held that "an unauthorized or unratified loan or deposit of public money constitutes no cause of action in the name of the state." In that case action was brought by the state for the deposit of public funds with a banking copartnership. Shortly thereafter the legislature, doubtless influenced by that decision, enacted a statute, now appearing as section 77-2601, Comp. St. 1929, and which reads as follows: "In all cases in which public moneys, or other funds belonging to the state or to any county, school district, city or municipality thereof, have been deposited or loaned to any person or persons, corporations, bank, copartnership or other firm or association of persons, it shall be lawful for the officer or officers making such deposit or loan, or his or their successors in office, to maintain an action or actions for the recovery of such moneys deposited or loaned, and all contracts for the security or payment of any such moneys or public funds made shall be held to be good and lawful contracts binding on all parties thereto: Provided, nothing herein contained shall be construed to in any manner affect the liability of any surety or signors of any official bond hereafter given or made in this state."

While the quoted statute does not expressly authorize the deposit of school district funds, it does provide specifically that it shall be lawful for the officers making such deposit to maintain an action for the recovery of moneys deposited, and that all contracts for the security or payment of such moneys shall be held good and lawful contracts, binding on all parties thereto. In *Bliss v. Mason,* 121 Neb. 484, this court held that said section "authorizes a state bank to contract for indemnity of sureties on a depository bond given by such bank to secure deposit of public funds." Certainly, if the bank were authorized by this statute to indemnify sureties on a depository bond, the bank and the sureties would likewise be held liable upon such a bond.

Defendants have cited a number of sections of the statute relating to the duties of school district officers and to

acts for which they may be liable for embezzlement. We find that none of these statutes cited prohibit the giving of such a bond or relieves the parties from liability thereon when they have executed such a bond.

Defendants argue that the bond is not in force because it had expired on the 1st day of January, 1930, and cite section 77-2509, Comp. St. 1929, as supporting their contention. This section, however, applies only to state and county funds and is inapplicable to deposits of school district funds. This court is committed to the rule that section 77-2601, *supra*, makes valid the contract of a depository bank to indemnify the deposit of such public funds as are specified in said section. We therefore conclude that the bond is a valid obligation.

Defendants argue that the action was prematurely brought because no previous demand had been made on the bank for the payment of the deposit. It is evident that a demand would have been unavailing. The bank could only act through its officers. These officers have been superseded in their duties by the department of trade and commerce. The officers could not have complied, had a demand been made upon them or upon the bank. A demand would have been a vain and useless act. The law does not require the performance of such an act. Furthermore, a demand is unnecessary where defendants deny liability on the contract.

We find no error in the record. The judgment is

AFFIRMED.