## SNIDER v FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2711. Decided Dec 19, 1932

558

Frank T. Bow, Canton, and Herman R. Miller, Toledo, for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, P. R. Taylor, Toledo, Charles F. Carr, Ass't Attorney General, Columbus, and Brown & Sanger, Toledo, for defendant in error.

RICHARDS, J.

It is contended by counsel for plaintiff that this transaction was illegal and that the defendant had no right to make the deposit as made, nor to accept collateral security therefor nor to receive back the funds from The Ohio Savings Bank & Trust Company for the benefit of the creditors of The Security-Home Trust Company, and that such fund was not a preferred claim. The question thus raised is an important one and, so far as this court is advised, has not been determined in this state.

The real question involved is whether a bank, while doing business as such, may receive a deposit of this character and secure the same with collateral by a pledge of bonds owned by it. No charge of bad faith nor abuse of discretion of either party to the transaction is involved in the case.

The courts of the different states are not agreed on the validity of a pledge of assets

by a bank to secure a deposit of this character, the different conclusions usually arising because of different statutory provisions, or sometimes because of the assumed public policy of the state in regard to such a transaction. The duty of the defendant in regard to depositing the funds of a bank under liquidation by him is set forth in §710-96, GC, as follows:

"The moneys collected in process of such liquidation by the superintendent of banks shall be from time to time deposited in one or more banks organized under the laws of this state, subject to his order as herein provided."

Sec 710-95, GC, provides that:

"Upon taking possession of the property and business of such bank, the superintendent of banks is authorized to collect money due to such bank, and to do such other acts as are necessary to preserve its assets and business, and shall proceed to liquidate the affairs thereof, as hereinafter provided. * *"

The first section specifically directs the deposit of funds of this character in a state bank and the legislature having so directed, it is inconceivable that any public policy of the state would forbid giving security for the return of such funds. This is particularly true in view of the provision of the section last quoted authorizing the Superintendent of Banks "to do such other acts as are necessary to preserve its assets."

Counsel for the plaintiff call attention to the fact that many states, in providing for a deposit of money collected by the superintendent of banks, specifically require that such deposits shall be entitled to priority of payment in case of the liquidation of the bank in which the fund is deposited, while Ohio has no such specific provision. In the absence of such statute, it seems clear from the above statutory provisions that ample power is vested in the Superintendent of Banks to require security. The real question is not whether the legislature has authorized or directed the taking of such security but whether public policy forbids it.

In view of the fact that the Ohio legislature has required security in case of deposit of state funds, county funds, municipal funds and various other funds in a bank, by giving bond to secure the same or by pledging securities owned by the bank, it is manifest that in the deposit of funds of this character the public policy of the state is rather to require such security then to permit of an unsecured deposit.

It was held in **State ex Bettman v Court of Common Pleas, 124 Oh St, 269,** that building and loan associations are of a quasi-public character and it may equally as well be said that a bank of deposit is of the same character. The State Superintendent of Banks is an official of the state and takes possession of a bank for purposes of liquidation on behalf of the state. It is said in Bennett v Green, 156 Georgia, 572, 579:

"The superintendent of banks, in taking charge of the affairs of an insolvent bank for liquidation, is the agent of the state. He acts for and in behalf of the commonwealth. His possession is that of the state, who is his principal."

And it is certainly to the interest of the public and in accordance with the public policy of the state that when funds of this character are deposited with a bank by the State Superintendent of Banks, they may be secured as was done in this case. While the money deposited in the case at bar was evidently subject to check and was commingled with other assets of the bank, and was a general deposit, the deposit was made on behalf of the state by its official, and public policy does not prohibit securing the return of the fund.

A recent case illustrating this view has been decided in Nebraska. See Bliss v Mason, 237 NW, 581. In a note on this subject in 65 A.L.R., 1413, the annotator uses the following language:

"There is a conflict of authority on the question of the power of a bank to pledge its assets to secure general depositors. The weight of authority, however, supports the doctrine that a bank may make such a pledge as security for the deposit of public funds."

Counsel for plaintiff rely on Schornick v Butler, 172 NE, 181 (Indiana), but the decision in that case was based on the construction of a statute permitting the deposit of certain classes of bonds, and it was held that such a statute did not allow the deposit of bonds of classes not enumerated.

Two recent decisions by our Supreme Court which have been commented on do not determine the rule applicable when collateral security has been given by the bank. I refer to **Fidelity & Casualty Co. v Union Savings Bank, 119 Oh St, 124,** and

Ward, Treasurer v Fulton, Superintendent of Banks, 125 Oh St, 382.

In the first of those cases it was decided that a general deposit of state funds did not give a right of priority over general creditors and that a surety company having paid the claim, was not subrogated to any rights the state might have. In the second case it was held that when a county treasurer deposited county money under the depository laws, and took a bond to secure the return of the money, it was a general deposit and not entitled to priority.

In each case it was held that the depositor must rely on the surety bond which was given. Similarly, in the case at bar, the deposit was general but the depositor accepted a pledge of assets in lieu of a bond and relies on the assets so placed as security.

To require this large fund to be returned by the Superintendent of Banks to the funds of The Ohio Savings Bank & Trust Company and distributed to its depositors, thus withdrawing the amount from the funds going to the depositors of The Security-Home Trust Company, where it rightfully belongs, would work a grave injustice to a very great many people. We hold that the Superintendent of Banks was empowered to receive collateral security to insure the return of the fund and that The Ohio Savings Bank & Trust Company did not violate any public policy of the state in so securing the return of the fund. The transaction has been entirely closed and in accordance with law.

It is urged by counsel for plaintiff that the transaction was unlawful but, if unlawful, a trust would be created giving a preference in favor of the depositors of The Security Home Trust Company.

The plaintiff in her first cause of action seeks relief as a stockholder of The Ohio Savings Bank & Trust Company, but it is not apparent how she would be entitled as a stockholder to any remedy of the character sought because, in any event, the liability of a stockholder within the double liability law, extends to all indebtedness, whether preferred or otherwise, and we also find that as a depositor she is not entitled to the relief sought.

Judgment will be entered sustaining the demurrer.

Demurrer sustained.

LLOYD and WILLIAMS, JJ, concur.