E. H. LUIKART, RECEIVER, APPELLANT, V. CITY OF AURORA, APPELLEE.

FILED JULY 20, 1933. No. 28806.

*F. C. Radke* and *Barlow Nye*, for appellant.

*Craft, Edgerton & Fraizer*, contra.

*Frank A. Anderson, Ross & Sampson, A. W. Storms, Lewis C. Westwood, M. M. Maupin* and *Seymour S. Sidner, amici curiæ.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and BEGLEY and MEYER, District Judges.

BEGLEY, District Judge.

This is an appeal by E. H. Luikart, as receiver of the Fidelity State Bank of Aurora, from the judgment of the district court for Hamilton county, by which that court awarded to the defendant, city of Aurora, certain bonds,

assets of the Fidelity State Bank of Aurora, Nebraska, which are now in the possession of the Federal Reserve Bank of Kansas City, Omaha Branch, Omaha, Nebraska. under an alleged pledge agreement for the security of the deposits of the defendant city's funds in the Fidelity State Bank.

The evidence, which is stipulated, shows that the Fidelity State Bank of Aurora is a state bank, chartered to do a commercial banking business in Nebraska. In December, 1930, the city of Aurora, whose city officials are identical with the officers of the bank, entered into a written pledge agreement with the bank whereby certain assets of the bank in the sum of $17,000 were put into the hands of the Federal Reserve Bank of Kansas City, Omaha Branch, which served as custodian of these funds only, to be held to indemnify the city for its deposit in case of loss. The city of Aurora, which is a city of the second class, passed an ordinance requiring a pledge of assets by the bank as security for the deposit of city funds in place of the bond provided by statute and which the Fidelity State Bank was unable to furnish. Both city and bank officials, being the same natural persons, believed in each of their respective separate capacities that they were complying with the law and made no effort to conceal the pledge agreement from the department of trade and commerce, and the department made no objection to the agreement. It is stipulated that it has become the custom for state banks to pledge assets to secure deposits of the funds of cities of the second class and no objection has been made to this practice by the department at any time. This is further evidenced by the fact that some five city attorneys of different cities of the second class in this state have filed separate briefs as *amicus curiæ*, on behalf of the position of the defendant in this case.

On September 23, 1932, the Fidelity State Bank was adjudged insolvent and E. H. Luikart was named its receiver. The city of Aurora had on deposit $29,357.36.

Demand was made upon the Federal Reserve Bank for the securities, both by the receiver and the city. The Federal Reserve Bank still retains the securities pending the settlement of this case, but has filed no brief in the case.

The receiver contends that a state bank has no power to pledge its assets to secure the deposit of a city of the second class, nor has a city power to receive such a pledge; that the pledge agreement was *ultra vires* and void and the bonds held by virtue of it should be restored to the bank. The city of Aurora denied these allegations, contending that the agreement was valid and that the bonds should be delivered to the city.

The question presented is whether the pledge of securities for this deposit was within the powers of the bank and the city and therefore valid.

The courts of this country are not in accord as to whether banks may pledge their assets as securities for deposit of public or private money. This difference of opinion has arisen by reason of the difference of state statutes and a contrariety of economic views in applying the statutes and formulating state policies.

It is admitted that the legislature may, by enactment, provide for the pledging of securities of this nature, and we have a law providing for the pledging of certain security by a bank in cases of state and county deposits and deposits by a city of the first class (Comp. St. 1929, secs. 77-2503, 77-2508, and Comp. St. Supp. 1931, sec. 16-713), but we have no specific statute providing for the pledging of assets by a bank for the security of deposits from cities of the second class, as in the present case.

The appellee relies upon section 77-2601, Comp. St. 1929, as giving sufficient power for the sustaining of the contract in this case. Said section provides: "In all cases in which public moneys, or other funds belonging to the state or to any county, school district, city or municipality thereof, have been deposited or loaned to any person or persons, corporations, bank, copartnership or other firm or association of persons; it shall be lawful for

the officer or officers making such deposit or loan, or his or their successors in office, to maintain an action or actions for the recovery of such moneys deposited or loaned, and all contracts for the security or payment of any such moneys or public funds made shall be held to be good and lawful contracts binding on all parties thereto: Provided, nothing herein contained shall be construed to in any manner affect the liability of any surety or signers of any official bond hereafter given or made in this state."

This statute was enacted in 1879 for the purpose of authorizing the collection by suit of public moneys, loaned or deposited upon contracts by their custodian. *McIntosh v. Johnson*, 51 Neb. 33.

In the case of *State v. First State Bank*, 122 Neb. 109, the bank pledged part of its assets in the form of bonds to secure the deposits of the city treasurer. The bank subsequently closed. The bonds were sold and the proceeds turned over to the city to apply upon its deposit. The general practice of accepting such bonds as a pledge was clearly recognized and approved. The court held: "A city that exacts from a state bank collateral security for deposits, receives the proceeds of the security after insolvency of the bank and presents to the receiver a claim for excess of deposits over such proceeds, is in the class of depositors 'otherwise secured' and not entitled to share the assets of the bank on an equality with depositors in the class 'not otherwise secured,' within the meaning of the statute providing that depositors and holders of exchange in the latter class shall have the first lien, with the exception of taxes."

In *Liberty High School District v. Currie*, 122 Neb. 173, the court said: "This court is committed to the rule that section 77-2601, *supra*, makes valid the contract of a depository bank to indemnify deposit of such public funds as are specified in said section."

In *Bliss v. Mason*, 121 Neb. 484, it was held that said section 77-2601, Comp. St. 1929, authorized a state bank to pledge its assets to indemnify sureties on a depository

bond given by such bank to secure a deposit of county funds.

In *Bliss v. Pathfinder Irrigation District*, 122 Neb. 203, it was held that a bank had no authority to pledge its assets to secure a deposit from an irrigation district which, while a public corporation, was not a municipality and therefore did not come within the terms of said act. The court in that case also examined the state statute and found that outside of section 77-2601 there was no other statute authorizing such pledge. ·The court held: "It is clear that the legislature intended to deny, and has denied, to state banks the right to pledge their assets to secure deposits, except in those instances where expressly authorized so to do."

This statement would seem to be in conflict with that made in *Bliss v. Mason, supra*: "That a state bank, designated as a depository, may, in the absence of a statute prohibiting it, pledge its assets to secure the deposit of public funds."

The statement in the *Mason* case was not necessary to a decision in that case, but is merely dictum. The statement in the *Pathfinder* case is not entirely accurate, as the legislature has not denied such right to pledge assets.

State banks in this state have only such powers as are given them by statute. These powers, however, may be either express or implied, and the latter class is limited to those powers which are reasonably necessary to carry out those of the former class. No express authority to pledge assets to secure deposits of a city of the second class is found in the banking statute. Officers of a municipality are limited in the control and expenditure of public funds and are sometimes prohibited from entering into certain contracts by statute.

We think a fair statement of the rule would be that banks are only authorized to pledge collateral assets for the security of deposits when authorized to do so by law, and that section 77-2601 authorizes banks to pledge assets for the security of deposits of a city of the second

class by contract, and that such contract is binding on both parties, in the absence of any statute prohibiting the same by either party.

It is argued that the contract is void under section 8-140, Comp. St. 1929, which makes it a felony for any officer or employee of a state bank, directly or indirectly, to give any consideration of value or render any service for, or at the request of, a depositor or any other person as an inducement, in addition to the legal interest, for making or retaining a deposit in the bank, or for any depositor to accept any such inducement. This section was cited in the *Pathfinder* case, but is not applicable to the case at bar.

In this case the city treasurer was bound to deposit the money in the bank. Comp. St. 1929, sec. 17-515. It also requires the bank to make application as a depository and thus the deposit is subject to contract. It is a secured deposit and therefore said section would have no application in this case.

Section 77-2601, above quoted, provides that all contracts for the security or payment of any such moneys or public funds shall be held to be good and lawful contracts, binding on all parties thereto. The contract between the appellant in this case and the city of Aurora was that the bank would pledge certain assets in order to secure the deposit from the city. This was carried out in good faith upon both sides, and under the rule in Nebraska a receiver takes charge of banking affairs where the bank left them, and cannot generally open closed transactions which would conclude the bank if solvent. The receiver of an insolvent bank takes and holds the assets as to liens, rights and liabilities as they existed at the time of his appointment.

In this case the bank has had the benefit of the deposit and the receiver is not now entitled to avoid the contract executed by the bank while solvent, in which the assets of the bank were pledged to secure the deposits of the city. There is no statute prohibiting, either directly or by implication, such a pledge of assets, and under section

77-2601 the contract of the bank to indemnify the deposit of such funds by the pledge of its assets is made valid, and before the receiver is entitled to the recovery of such pledge he must repay to the city the amount of its deposit.

The judgment of the lower court is therefore

AFFIRMED.