STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, v. BANK OF CAMPBELL, E. H. LUIKART, RECEIVER, APPELLANT: JOE GAGNON ET AL., INTERVENERS, APPELLEES.

FILED NOVEMBER 10, 1933. No. 28586.

*F. C. Radke* and *Barlow Nye,* for appellant.

*Leon Samuelson* and *Howard S. Foe, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

ROSE, J.

In a proceeding by the state in the district court for

Franklin county to wind up the affairs of the Bank of Campbell, an insolvent corporation, Joe Gagnon intervened and presented for allowance on an equality with preferred claims of depositors generally a claim for $2,600 based on a certificate of deposit issued by the bank to him February 4, 1931, and bearing interest at the rate of 4 per cent. per annum. Malvina Trambly also intervened and likewise presented a claim for $2,787.28 based on a certificate of deposit issued by the bank to her April 23, 1931, and bearing interest at the rate of 4 per cent. per annum.

The receiver resisted the allowance of the certificates of deposit as preferred claims on the ground that they were secured and therefore not in the class of deposits "not otherwise secured," within the meaning of the statute providing that depositors in that class shall be preferred and have the first lien on the assets of the bank. Comp. St. 1929, sec. 8-1,102.

The district court allowed the certificates of deposit as valid preferred claims on a par with the claims of other depositors having the first lien. The receiver appealed.

On appeal the receiver contends that the certificates of deposit were secured by a guaranty of payment indorsed on the back of each and that consequently they were "otherwise secured" and excluded from the class entitled to the first lien on the assets, within the meaning of the statute.

A guaranty was in fact indorsed on the back of each certificate of deposit. C. F. Gund, E. G. Peterson, P. H. Raun, and R. Haagensen, officers of the bank, individually indorsed the guaranty on the back of Gagnon's certificate. E. George Peterson, who was president of the bank, indorsed the guaranty of "E. J. Peterson Co." on the back of Trambly's certificate of deposit. Neither guaranty increased the obligations of the bank. If the indorsements could be considered corporate obligations they add nothing new to the liability created by the certificates of deposits. If the indorsements are individual liabilities they do not increase the obligations of the bank or take any asset or

other security from depositors generally. Nothing was taken from the bank's assets for the benefit of interveners or pledged as collateral for the certificates of deposit or indorsements. No part of the bank's assets was used in procuring the guaranties. In this situation the question presented by the appeal has already been determined by an opinion containing the following conclusion:

"Considering all the statutes upon the subject of banking and the general purpose of the legislature, as disclosed by the several legislative acts, we are impelled to the view that, by the term 'otherwise secured,' the legislature intended to exclude from participation in the lien on the bank's assets only such depositors as take security for their deposits, and in some degree deplete the assets of the bank and to that extent secure an advantage over other depositors." *State v. State Bank of Omaha*, p. 492, *post*.

For the reasons stated in the opinion from which the excerpt is taken, the judgment of the district court is

AFFIRMED.