## FARKAS v FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2996. Decided Dec 17, 1934

Mrs. Eva Eppstein Shaw, Toledo, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Maurice J. Meyer, Assistant Attorney General, Columbus, Doyle & Lewis, Toledo, Milo J. Warner, Toledo, and Wm. C. Moore, Toledo, for defendant in error.

## OPINION

By OVERMYER, J.

Counsel for both parties state that the precise question here presented has not been before the courts of this state, but we find that the general proposition that no action may be maintained against the state itself, or officers of the state, by reason of negligent acts committed by their employes in connection with the state government or the performance of their official duties, is sustained by an abundance of authorities.

The question whether the Superintendent of Banks is an officer and agent of the State has already been answered in the affirmative by the Court of Appeals of this district in **Snyder v Fulton, 44 Oh Ap, 238, (13 Abs 557)**, decided December 19, 1932. Motion to certify was overruled by the Supreme Court on March 1, 1933 and motion for rehearing denied March 8, 1933. In the opinion by Richards, J., it is said:

"The State Superintendent of Banks is an official of the state and takes possession of a bank for purposes of liquidation on behalf of the state"

and then cites with approval Bennett v Green, 156 Ga., 572, 579; 119 SE, 620, as follows:

"The Superintendent of Banks, in taking charge of the affairs of an insolvent bank for liquidation, is the agent of the State. He acts for and in behalf of the commonwealth. His possession is that of the State, who is his principal."

Also **Wolfe v Fulton, 30 N.P., N.S., 238**, affirmed by the Court of Appeals, January 6, 1933, wherein it is said:

"When a state banking official takes over a bank, he does so under the police power and in the interest of public welfare. * * *

He is not a receiver, is not appointed by the court, and receives compensation from the State. We can not discharge him."

. It is true, of course, as urged upon us by counsel for plaintiff in error, that the Superintendent of Banks would be liable for rents, lighting, phones, and other incidental expenses incurred in connection with the process of liquidation of a bank, but the question here presented is quite another matter. The question here is: Is he liable in his official capacity for a tort alleged to have been committed by one of his employes? The items mentioned are necessary incidents in the matter of liquidation and winding up the affairs of a bank, but the commission of torts by his employes while engaged in such liquidation is neither an anticipated nor a necessary incident to the liquidation of the bank. If he were liable for these, it could easily follow that the entire assets of the closed bank might be dissipated in contesting claims for damages arising as a result of careless and inexperienced employes, and the depositors, of the bank receive nothing but receipts for damages paid for personal injuries and property damage to third persons.

"A general statute authorizing suits against the state, does not permit a recovery for torts of its agents or servants." 13 A.L.R., 1276, and cases there cited.

"The state was held not liable for stock killed by the tortious acts of the agents of the state in operating a railroad." State v Hill, 54 Ala., 67.

, "When by constitutional provision or legislative enactment, the State has permitted itself to be sued, the mere fact of permitting the suit against itself does not render the State liable for careless or negligent acts of its servants, employes or agents, in the absence of any statute expressly fixing such liability upon the State." Davis v State, 30 Idaho, 137; 163 Pac., 373.

In Burroughs v Commonwealth, 224 Mass., 26, it was held that such a statute does not make the commonwealth liable for the negligence of its forestry servants in setting fires or permitting them to escape.

We hold that the Superintendent of Banks is a state official, an arm of the state government, vested with such authority and

powers and duties as are expressly granted him by the statutes of Ohio, drawing his compensation from the state, and answerable to no one but the state in the discharge of his official duties, and that unless consent be given, he cannot be sued, especially in tort. In **Radabaugh v State, 96 Oh St, 513,** the court decided that §16, **Article I of the Ohio Constitution** providing for suits against the state, is not self-executing, and specific authority to bring and maintain such action must be found in the acts of the Legislature. , Has the State of Ohio granted authority for litigants to prosecute actions of the character here attempted?

The only sections cited on that subject are §§710-90 and **710-92, GC,** which provide for the filing of claims with the Superintendent of Banks in charge of the liquidation of a bank, and his allowance or rejection thereof, but counsel for both parties in their briefs state that these sections refer only to claims against the bank, in existence at the time of closing, and growing out of the banking business which had been conducted by the bank, and that a claim such as this, for a tort alleged to have been committed by one of his employes some months after the Superintendent of Banks took charge, would not come within these sections. With this view, we agree.

For the foregoing reasons and on the authorities cited, we are of the opinion that the judgment of the court below in sustaining the demurrer to the petition was correct, and the judgment will be affirmed.

Judgment affirmed.

LLOYD, J, concurs.
RICHARDS, J, not participating.