Jones, J.
 

 This is not an action for damages against Mariasy, the employee who caused the injury; nor is it a suit seeking to hold Fulton, the Superintendent of Banks, individually liable for the tortious act of his appointee. Whether a personal liability attaches to the superintendent or to his appointee is a question purely academic under this record.
 

 Counsel for the superintendent advance the following legal reasons why the action against the superintendent is not maintainable: (1) That in legal effect the action is one against the state and, being so, the
 
 *392
 
 superintendent is not liable in liis official capacity for any negligence of his employee committed in the performance of his official duty; and (2) if a claim for the tort can be validly asserted against the Superintendent of Banks, the demurrer should be sustained because the petition does not state that the claim was presented to the Superintendent of Banks for allowance, and by him rejected before suit was begun, as required by Section 710-92, General Code.
 

 If this be an action against the state or a suit against the state for its agent’s tort committed while exercising a governmental function, it cannot be maintained except by consent of the state, under our construction of Section 16, Article I, of the state Constitution. Such was our decision in
 
 Raudabaugh
 
 v.
 
 State,
 
 96 Ohio St., 513, 118 N. E., 102. The state has not been made a party to the suit; nor does the action involve any liability for which the state is asked to respond, either in money or property. The state is only interested in the liquidation of the bank; its assets, during the process of liquidation, being in the
 
 custodia legis
 
 of the sovereign.
 

 Under the state of these pleadings, if judgment be finally secured, its payment is sought, not from the state, but from the assets in possession of the superintendent, held in his official capacity.- Counsel for the plaintiff in error concede this to be the character and purpose of the suit. They assert in their brief that “any judgment recovered would have to be satisfied out of the assets of the closed bank.” In its final analysis the legal question presented is whether damages for a tort committed by the Superintendent of Banks or his employee, in the performance of duty, are payable out of the resources of a bank while in process of liquidation. The resources of the bank belong to its creditors, depositors and stockholders. It is out of their funds that the plaintiff below seeks to obtain payment. But they are not liable to respond in
 
 *393
 
 damages under the doctrine of
 
 respondeat superior
 
 since the superintendent was not of their selection; nor had they control over him; he was appointed by the state and subject to the state’s control. To hold that while those entitled to the bank’s resources may be immune from liability, their resources are not immune, presents a legal paradox difficult to reconcile. But counsel for plaintiff in error would solve that paradoxical complex by contending that the liquidation of banks under the Banking Act is analogous to the appointment of statutory receivers by the courts; and that the rule ordinarily applying to a receiver’s liability for torts committed in the prosecution of a business should apply to similar liabilities incurred by the state Superintendent of Banks. Many cases are cited, chiefly pertaining to railroads, holding that a receiver is liable for torts committed in his official capacity and that resultant damages are payable out of funds in his hands; but we think those cases are distinguishable from the present one. A receiver appointed by the court operates the trust in a proprietary capacity and as a going concern; in the operation of private or corporate business, creditors, lienees or owners may appeal to the courts, which do not order continuity of. operation if such would result in depletion of the trust assets. But, under our state law, the duties of the Superintendent of Banks are those of liquidation only; neither the court nor the state can order the liquidator to carry on the bank business as a going concern. Moreover, there is a very cogent reason why the liquidating receiver of a bank does not occupy the status of a statutory receiver. In our state stockholders of a bank are charged with ai double liability for the payment of debts
 
 created by the banlc.
 
 If after the closure of an insolvent bank, damages for a tortious act should be assessed against its assets, such a course might not only reduce the claims of creditors and depositors but might so deplete the bank’s resources as to invoke such
 
 *394
 
 double liability for an act not committed by the bank. Should we apply the theory of the plaintiff in error for the case’s solution, it might result in enlarging a stockholder’s liability beyond that contemplated by our Constitution and state laws.
 

 Quite apart from what has been said, an inspection of the various provisions of the Ohio Banking Act discloses no indication that damages for a tort committed by a liquidating agent should be paid out of the bank’s assets or resources; those provisions, read
 
 in pari materia,
 
 refute a construction permitting such payment to be made.
 

 Section 710-88», General Code, provides, in substance, that no individual, knowing that the superintendent of banks has taken possession of such bank, “shall have a lien or charge for any # * * liability
 
 thereafter
 
 incurred against any of the assets” of the bank of whose property and business the Superintendent of Banks shall have taken possession. Section 710-90, General Code, provides that, after taking possession, the Superintendent of Banks shall cause notice to be given, “calling on all persons who have claims against such bank to present the same to him [the superintendent of banks], and make legal proof thereof.” Section 710-92, General Code, requires that any person aggrieved by the rejection of his claim must bring his action) “against the superintendent of banks and such bank.” But most important of all, touching this phase of the case, is Section 710-97, General Code (115 Ohio Laws, 140), relating to the specific liquidation expenses authorized to be paid out of the property of the bank. So far as pertinent, that section reads as follows: “The expenses incurred by the superintendent of banks in the liquidation of any bank in accordance with the provisions of this act, shall include the compensation and expenses of special deputies, assistants, agents, clerks, auditors and examiners so employed and expenses necessary and incident to proper supervision. * * * The expenses of such liquidation shall be
 
 *395
 
 paid out of the property of such bank in the possession of the superintendent of banks and such expenses shall be a charge against such property and shall be paid first in the order of priority.” Under this provision the expenses to be paid from the assets of the bank are minutely described as those which include compensation and expenses of deputies, assistants, agents, clerks, auditors and examiners and such as may be necessary and incident to proper supervision.
 

 Applying the well-known maxim
 
 ejusdem generis,
 
 pertaining; to statutory construction, since certain specific expenses are particularly and minutely enumerated in the last quoted section, the term “expenses” should be so construed as to confine it to expenses of like nature or which are
 
 ejusdem generis
 
 to those specified in the section. It does not include damages arising from tort. Moreover, in its usual and popular meaning, damages for an unanticipated tort of an agent are not deemed to be part of his expenses.
 

 "We are therefore of opinion that the entire scheme embodied in the liquidating provisions of the act relates to the liquidation of the bank, its assets and liabilities, upon the basis existing at the time when the liquidating official took possession; and that in the distribution of its assets it was not within the contemplation of the Legislature that claims for damages founded upon a tort' committed by a liquidating official should occupy an equal status with claims of depositors and general creditors, and be paid out of the funds and property of a bank in the possession of the Superintendent of Banks. The conclusion reached makes it unnecessary to determine whether this claim should be presented to the superintendent. The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Matthias, Day and Zimmerman, JJ., concur.