HELEN SHUMWAY ET AL., APPELLEES, v. DEPARTMENT OF BANKING, RECEIVER, APPELLANT.*

FILED FEBRUARY 28, 1936. No. 29464.

*Opinion withdrawn. See opinion, 131 Neb. p. ——.

*F. C. Radke, W. A. Crossland* and *John A. Young*, for appellant.

*I. D. Beynon* and *Frederick L. Wolff, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and REDICK and KROGER, District Judges.

PAINE, J.

Interveners filed claim for $9,571.12 against assets of the Farmers Bank of Lyons. The receiver thereof classified it as a general claim. Upon appeal to the district court, it was decreed to be a trust fund, payable as a first preferred lien out of the assets of the insolvent bank. The department of banking appealed.

The Farmers Bank of Lyons, Burt county, Nebraska, became insolvent and was taken over by the department of banking on January 7, 1933, and was then allowed to operate under restrictions until May 20, 1933, after which time the officers of the bank again operated the bank as a going concern until October 30, 1933, when it was finally taken over by the banking department, and declared to be insolvent in the district court.

Helen Shumway and Clara A. Christiansen, sureties on the depository bond, filed a petition in intervention on March 21, 1934, alleging that the village of Lyons wrongfully and unlawfully deposited funds of said village with said bank, and that said deposit was made contrary to the statutes and laws of Nebraska; that said bank did not apply for the privilege of becoming a depository, and that the village board did not designate nor approve said bank as a depository, and that it was therefore not a legal depository of the funds of said village, and that said bank paid no interest on such deposits, and that the village treasurer was

without authority to make a general deposit of funds of the village in said bank, and said bank wrongfully and illegally mingled the funds of the village with the bank's general assets, and thereby became trustee, and said funds became trust funds, and the said village had a preferred claim against the assets of the bank for such funds, amounting at the time of the failure of the bank to the sum of $16,771.12. That on May 12, 1933, the said village duly assigned to the interveners its claim against the bank, and they allege that the receiver erroneously refused to classify the claim of such interveners as a claim for trust funds, and erroneously classified it as a general claim for the sum of $9,571.12, and they ask that the action of the receiver be set aside and that they be given a valid preferred claim in the sum of $9,571.-12. The superintendent of banks filed an answer thereto, and insists that said claim was properly classified as a general claim for the reason that it was a claim based upon a deposit which was otherwise secured under section 8-1,102, Comp. St. Supp. 1933, and alleges that on January 7, 1933, the said village of Lyons had on deposit in said bank a general checking account, which was secured by a bond, and that the principal on said depository bond was the bank, and the two sureties thereon were the two interveners herein, and that to protect said interveners as sureties on said bond the bank pledged for their protection certain foreign and domestic bonds, the face value thereof being some $13,000. That upon the failure of the bank the village resorted to this depository bond, and the interveners confessed liability thereon in the full amount of said deposit, and that when the collateral bonds which had been put up by the bank to protect the sureties were sold on the market the sureties realized therefrom only the amount of $7,199.33, which, upon being applied to the reduction of the deposit of the village in said bank, left a balance due the village from the sureties in the sum of $9,766.44, upon which amount two dividends of one per cent. have been paid to the sureties, leaving a net balance due thereon of $9,571.12.

The trial court decided against the banking department,

and decreed that the interveners had a claim for trust funds in the sum of $9,571.12, with interest at 6 per cent., and directed that the same was entitled to priority payment from the assets of the bank before the claims of unsecured depositors were paid, from which order an appeal was taken to this court. A number of errors are set out, but the errors in the findings of the district court that the bank was not legally appointed the village depository, and that said funds were unlawfully mingled with the general assets of said bank, and that the bank had become a trustee as to such deposits, are argued at length.

W. S. Newmyer testified that for many years he had been president of the bank, and that he was the father of the two interveners who had signed the bond as sureties for the bank. He further testified that for 25 years the bank had paid no interest to the village on its deposit in said bank, and that the village funds were mingled with the other assets of the bank; that the bank had agreed to collect the water and light bills for the village each month and render such collection service as an offset for the interest which should have been paid the village on its deposit, which deposit at times ran as high as $30,000.

The bank filed application to be appointed a depository, and, by resolution of the village board, was so selected. For the next year the resolution passed by the board was not signed by the chairman and clerk. However, the village, under section 77-2601, Comp. St. 1929, brought an action against the sureties who had given a bond to protect the deposit of the village in the bank.

The sureties did not contest this suit, but consented to judgment being entered against them on condition that execution on said judgment would be stayed if the sureties would make payments of $5,000 on September 1, 1933, $5,000 one year later, and the balance two years later. It was proper for the village clerk to identify the records and minutes of the village board, as he was responsible for their custody, and he definitely identified exhibit 12, being the unsigned resolution, as a part of the record of the

minutes of the meeting of June 7, 1932. The fact that the village board, in bringing suit to collect from the two sureties, proceeded on the record made by exhibit 12 is further proof that there is no question but what the resolution, exhibit 12, was a part of the record of the meeting of said village board on June 7, 1932.

In the opinion of this court, by the record made, this bank was legally designated as the depository bank for the village funds. Both the bank and the village acted on that understanding. The mere fact that the bank rendered a monthly service in the collection of light and water bills for the village instead of paying interest would not destroy the legal designation of the bank as a depository.

In *Bliss v. Mason,* 121 Neb. 484, 237 N. W. 581, it is provided that a state bank may pledge its assets to secure the repayment of county deposits in such depository bank, and, further, that a state bank designated as a depository may lawfully pledge its assets to protect sureties upon such depository bond for public funds, as was done in this case. It is unfortunate that the bonds upon being sold brought only the amount of $7,199.33. The interveners now seek to have their claim for the balance of $9,571.12 declared a trust fund and payable in full out of the assets of the bank.

We held in *State v. First State Bank,* 122 Neb. 109, 239 N. W. 646, that, when a city relied upon a bond, the balance of a deposit unprotected was only a general claim. See, also, *State v. South Omaha State Bank,* 128 Neb. 733, 260 N. W. 278; *State v. Bank of Campbell,* 125 Neb. 485, 251 N. W. 101. In the case at bar, these sureties could have demanded that the bank put up additional bonds for their protection, and the bank could legally have complied therewith, but the sureties did not protect themselves in this manner allowed under the law.

It is clear that the assets of the Farmers Bank of Lyons were depleted to a large amount by reason of the pledge of bonds of said bank, and that these sureties received the entire benefit from the sale of said bonds, and that this fact clearly brings this case within the law as set out in section

8-1,102, Comp. St. Supp. 1933, as a deposit otherwise secured.

The trial court held that the interveners were entitled to recover a claim of $9,571.12, with interest at 6 per cent., as trust funds, and that the same should be paid as a first, prior and preferred lien on all the assets of the Farmers Bank. Having determined in this opinion that the Farmers Bank had been duly appointed depository under a valid depository contract with the village of Lyons, and that the funds were deposited as ordinary deposits, and not trust funds, and that said deposits were secured by a depository bond, upon which these interveners were sureties, it is the opinion of the court, supported by the authorities herein cited, that it would be inequitable for said interveners to secure priority over all the other depositors of said bank when such interveners had received a deposit of bonds from the bank to protect them as such sureties, and therefore the decree of the district court is reversed and set aside, and it is hereby directed that the action of the receiver of said bank, in classifying the claim of the interveners as a general claim against the assets of said bank, was right, and the decree of the district court is hereby reversed.

REVERSED.