bling contract. It lost such infirmity when, with the permission of the court it was accepted in settlement of a suit for a larger sum under the circumstances shown in the case.

The judgment will be affirmed and the cause remanded.

*Judgment affirmed and cause remanded.*

HORNBECK, P. J., and BARNES, J., concur.

CAREY, APPELLANT, *v.* SQUIRE, SUPT. OF BANKS, ET AL., APPELLEES.

(Decided December 26, 1939.)

Mr. *E. P. Buckenmyer,* for appellant.
Messrs. *Fraser, Effler, Shumaker & Winn* and Mr. *Allen B. Loop,* for appellees.

CARPENTER, J. A demurrer to plaintiff's petition was sustained and the petition dismissed. From this judgment, this appeal on questions of law was taken.

The petition alleges that on July 9, 1937, plaintiff

was a rent-paying tenant in Hotel Monticello in Toledo; and that due to the unsafe condition of the premises that day she fell and sustained injuries for which she seeks damages. She further alleges that the defendant, The Commercial Savings Bank & Trust Company (hereinafter referred to as the bank), at that time was and now is the duly authorized and acting trustee of the trust created for the holding and operation of the hotel and was operating it for and on behalf of beneficiaries of the trust, whose names are unknown to plaintiff and too numerous to specify; that the bank was in the hands of defendant, S. H. Squire, Superintendent of Banks of Ohio (hereinafter referred to as the superintendent), for liquidation; that he was in charge of the business and duties of the bank in its fiduciary capacity as trustee of that hotel, and as such trustee was operating it for and in behalf of that trust; and that the officers and agents of the superintendent in such operation were under the authority of the Common Pleas Court of Lucas county. The prayer is for a "judgment against the defendants in their fiduciary capacity toward the trust of Hotel Monticello."

The joint demurrer is on three grounds: (1) That it is not alleged that a claim was presented to the superintendent and rejected; (2) that tort claims for damages committed by employees of the superintendent are not payable out of the resources or assets of the bank; and (3) that the duties of the superintendent are those of liquidation only and do not include acting in a trust capacity.

In the case of *Farkas* v. *Fulton, Supt.*, 51 Ohio App., 92, 199 N. E., 848, this court decided that Sections 710-90 and 710-92, General Code, providing for the filing of claims with the superintendent apply only to claims against the bank in existence at the time of the closing of the bank, and not to those arising out of its operation by the superintendent.

It is expressly alleged that the superintendent is

acting as trustee of this property as successor to the bank; whether he is doing so rightly is not decided here, at least he is a *de facto* trustee.

The major question is whether the superintendent as such trustee can be required to respond in damages for negligence of his officers and agents in the performance of such trust. The case of *Farkas* v. *Fulton, Supt.*, 130 Ohio St., 390, 199 N. E., 850, is cited as negativing such liability. That claim differs from this in that, if allowed, it would have been payable out of the resources and assets of the bank; here a judgment against the trust only is sought, one that can be paid only from whatever assets of that trust are available for the payment of such claim and not from general assets of the bank. So far as appears from this petition, the creditors and stockholders of the bank will not suffer any loss on account of such judgment.

Whether rightly or wrongly, the superintendent was operating that hotel as a commercial enterprise for the benefit of the trust. While it is not expressly alleged in the petition, it may be inferred that the expenses of such operation were paid, not from bank assets, but from the assets of the trust including rent paid by plaintiff and other receipts of that business.

In this situation it would seem that this trust should respond to claims such as plaintiff asserts. If she cannot obtain redress from defendants, it does not appear that she could from any one. In this respect, this case differs from *Farkas* v. *Fulton, Supt.*, *supra*, for there the plaintiff might sue the individual who caused the damages.

On the allegations of the petition, the demurrer should have been overruled. For this error, the judgment is reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

OVERMYER and LLOYD, JJ., concur.